RECEIVED

DEC 0 8 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JEANETTE BROUSSARD | CIVIL ACTION NO.: 04-1040 |
| VERSUS | JUDGE DOHERTY |
| ECKERD CORPORATION | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Currently pending before this Court is a Motion for Summary Judgment [Doc. 41] filed by defendant, Eckerd Corporation ("Eckerd"), seeking a judgment of dismissal of plaintiff's claim against it.[1] In its motion, defendant argues "plaintiff has not and cannot prove the elements essential to her claim, namely that Eckerd created the condition at issue herein, or had notice/knowledge, actual or constructive thereof, prior to the occurrence of the incident at issue." [Doc. 41-1, p. 2].[2] In arguing its motion, defendant appears to have confused the burden of proof associated with summary judgment motions with the burden of proof a plaintiff faces at trial.

When a defendant moves for summary judgment, he "bears the burden of identifying an absence of evidence to support the nonmoving party's case." Capitol Indem. Corp. v. U.S., 452 F.3d 428, 430 (5th Cir. 2006). In order to defeat defendant's motion, plaintiff must respond with "specific

---

[1] Plaintiff has brought a claim of negligence against Eckerd arising out of a slip and fall at Eckerd's store located at 622 East First Street, Kaplan, Louisiana, on July 22, 2003.

[2] The Court notes defendant previously filed a Motion for Leave to file a Reply Brief [Doc. 46] which was granted. The motion urges this Court to deem defendant's Motion for Summary Judgment as unopposed, because plaintiff was two days late in filing her memorandum in opposition. The Court finds it rather disingenuous to argue a motion is unopposed merely because the opposition memorandum was filed two days late. As such, defense counsel's request is denied.

facts showing that there is a genuine issue for trial." F.R.C.P. 56(e). [3] In spite of the foregoing, defendant argues in its motion on more than one occasion that plaintiff must "affirmatively prove" (presumably at this stage of the litigation) the elements listed in La. R.S. 9:2800.6 (the Louisiana slip and fall statute applicable to merchants), citing White v. Wal-Mart Stores, Inc.[4] in support. The White ruling upon which defendant relies involved a trial on the merits, not a motion for summary judgment, and thus the burden there was different than the burden before this Court at this stage of the litigation. If this matter proceeds to trial, plaintiff will indeed bear the burden of proof, by a preponderance of evidence, on all elements of her claim; however, that same burden is not applicable to summary judgment motions.

Considering the burden of production associated with summary judgment motions, the legal presumptions which attach to evidence produced by a non-movant, and the prohibition against weighing evidence and determining credibility issues in this context, the Court finds plaintiff has set forth specific facts demonstrating there is a genuine issue of fact for trial as to two required elements of her prima facie case, namely (1) whether defendant created or had actual or constructive notice of the condition which allegedly caused plaintiff's injuries prior to the occurrence, and (2) whether defendant failed to exercise reasonable care in preventing the condition causing plaintiff's fall. Such

---

[3] In addition to the above, when evaluation the motion "the court must view facts and inferences in the light most favorable to the party opposing the motion." Hunt v. Rapides Healthcare Sys. LLC, 277 F.3d 757, 762 (5th Cir. 2001). A factual dispute precludes summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Id. The Court shall not make credibility determinations in its analysis. Id. Furthermore, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached." Roberts v. Cardinal Servs., 266 F.3d 368, 373 (5th Cir. 2001).

[4] 699 So.2d 1081 (La. 1997)

facts include (although this is not an exclusive listing):

- Conflicting testimony as to exactly what substance caused plaintiff to slip and fall[5];

- The store manager's testimony that: (1) the floors are supposed to be cleaned at night prior to closing, (2) there is no record or log kept by defendant showing that the floor was cleaned the night before plaintiff's accident, nor does the store manager have a specific recollection of the floors being cleaned on the evening prior to plaintiff's accident, and (3) he could not remember the last time prior to this accident the floor was visually inspected, other than the fact that he did so "prior to opening." (Huval deposition).

For the foregoing reasons, defendant's Motion for Summary Judgment shall be DENIED in its entirety.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 7 day of Dec, 2006.

COPY SENT:
DATE: 12/8/06
BY: CW
TO: RFD
CG

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[5] While plaintiff is not required to prove the precise substance which caused her to slip and fall, it is noteworthy in the instant matter because defendant's entire argument is premised on the fact that plaintiff slipped on "Tide Free" purchased (and presumably spilled) five minutes before plaintiff's accident, and therefore defendant did not have actual or constructive notice of the condition causing plaintiff's injuries, which is an essential element of plaintiff's claim. Plaintiff has set forth evidence in support of her position that the substance she slipped on was not Tide Free. She has also set forth evidence in support of her position that defendant's timeline is inaccurate in that plaintiff's accident actually occurred significantly earlier than 9:53 as defendant argues, and thus, even if a customer did indeed purchase Tide Free at 9:48, it is of no moment because plaintiff slipped prior to that time. Such conflicting issues cannot be resolved by way of summary judgment.

3